# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:10-cv-246 |
| | § | |
| MORGAN STANLEY, ET AL. (III), | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realtime Data, LLC ("Realtime Data") files this Complaint of patent infringement and states as follows:

### THE PARTIES

1.       Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with places of business at 15 West 36th Street, New York, New York and 1828 ESE Loop 323, Suite 302, Tyler, Texas. Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers.  Realtime Data has worked with some of the largest technology companies in the world involved with the development of financial data compression solutions.

2.       Upon information and belief, Defendant Morgan Stanley is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1585 Broadway, New York, New York.  Morgan Stanley is registered to do business in the State of Texas and has one or more locations within Texas.  Morgan Stanley makes, sells, offers

for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Morgan Stanley is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

3.       Upon information and belief, Defendant Morgan Stanley & Co. Incorporated (hereinafter, "Morgan Stanley & Co.") is a subsidiary of defendant Morgan Stanley.  Morgan Stanley & Co. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1585 Broadway, New York, New York.  Morgan Stanley & Co. is registered to do business in the State of Texas and has one or more locations within Texas. Morgan Stanley & Co. makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Morgan Stanley & Co. is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul St., Dallas, Texas.

4.       Upon information and belief, defendants Morgan Stanley and Morgan Stanley & Co. financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Morgan Stanley Electronic Trading (MSET), Morgan Stanley Passport Trading Application, Passport Application Programmable Interface (API), MS Benchmark Execution Strategies (BXS), BXS Navigator, VWAP, TWAP, Arrival Price, Price React, Target Percentage of Volume, Volume Dispense, Close, MS Watch, Smart Order Router Technology (SORT), Options Smart Order Router Technology (OSORT), NightVision, NightOwl, and MS Pool.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York

Stock Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

5.      Upon information and belief, Defendant Bank of America Corporation (hereinafter, "Bank of America") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 North Tryon Street, Bank Of America Corporate Center, Charlotte, North Carolina.  Bank of America is registered to do business in the State of Texas and has one or more locations within Texas.  Bank of America makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Bank of America is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street., Dallas, Texas.

6.      Upon information and belief, Defendant Banc of America Securities LLC (hereinafter, "Banc of America Securities") is a subsidiary of defendant Bank of America.  Banc of America Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 9 W. 57th Street, New York, New York and operates Direct Access in Frisco, Texas.  Banc of America Securities is registered to do business in the State of Texas and has one or more locations within Texas.  Banc of America Securities makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Banc of America Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul St., Dallas, Texas.

3

7.      Upon information and belief, Defendant Merrill Lynch & Co., Inc. (hereinafter, "Merrill Lynch") is a subsidiary of defendant Bank of America.  Merrill Lynch is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4 World Financial Center, New York, New York.  Merrill Lynch makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

8.      Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. (hereinafter, "Merrill Lynch, Pierce, Fenner & Smith") is a subsidiary of defendant Bank of America.  Merrill Lynch, Pierce, Fenner & Smith is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4 World Financial Center, New York, New York.  Merrill Lynch, Pierce, Fenner & Smith has one or more locations within Texas.  Merrill Lynch, Pierce, Fenner & Smith makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

9.      Upon information and belief, Defendants Bank of America, Banc of America Securities, Merrill Lynch, and Merrill Lynch, Pierce, Fenner & Smith financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to, including Bank of America Merrill Lynch Electronic Trading Services platform, Electronic Algorithmic Strategy Execution platform, InstaQuote, Ambush (AMB), Instinct (INS), Volume Weighted Average Price (VWAP), Target Volume (TVOL), Market Call (MC), Time Weighted Average Price (TWAP), Arrival Price (AP), Departure Price (DP), Scaling (SCAL), ML X-TRADE, ML XACT, ML X-ACT OPL (Optimal), ML X-ACT QMOC, ML X-ACT VWAP, ML X-ACT CLOCK, ML X-ACT POV (Percentage of Volume),

4

ML X-ACT TWIN, ML BlockSeeker, ML Scan + Route, ML I would if I could, and MLXN. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

10.     Upon information and belief, Defendant The Bank of New York Mellon Corporation (hereinafter, "Bank of New York Mellon") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Wall Street, New York, New York.  Bank of New York Mellon is registered to do business in the State of Texas and has one or more locations within Texas.  Bank of New York Mellon makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Bank of New York Mellon is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

11.     Defendant BNY Convergex Group LLC (hereinafter, "BNY ConvergEx Group") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1633 Broadway, 48th Floor, New York, New York.  BNY Convergex Group has a place of business at III Lincoln Center, 5430 LBJ Freeway, Suite 1200, Dallas, Texas. BNY ConvergEx Group makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

12.     Defendant BNY Convergex Execution Solutions LLC (hereinafter "BNY ConvergEx Execution") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1633 Broadway, 48th Floor, New York, New York.  BNY ConvergEx Execution is registered to do business in the State of Texas.  BNY ConvergEx Execution makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  BNY ConvergEx Execution is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

13.     Upon information and belief, Defendants Bank of New York Mellon, BNY ConvergEx Group, and BNY ConvergEx Execution financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to BNY Mellon Execution Services, Eze Order Management System, ConvergEx Algorithmic Suite, ConvergEx VWAP, ConvergEx TWAP, ConvergEx Initiation Price, ConvergEx IQx Direct, ConvergEx Percentage of Volume, ConvergEx Closing Price, ConvergEx Scaling, ConvergEx Dark Probe, ConvergEx Peg, ConvergEx Portfolio Optimizer, ConvergEx Cross, VortEx, Millenium, TactEx, Sonic, DerivatEx, and Perform-Ex.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

6

14.     Upon information and belief, Defendant Credit Suisse Holdings (USA), Inc. (hereinafter, "Credit Suisse") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Madison Avenue, New York, New York. Credit Suisse is registered to do business in the State of Texas.  Credit Suisse makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Credit Suisse is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

15.     Upon information and belief, Defendant Credit Suisse Securities (USA) LLC (hereinafter, "Credit Suisse Securities") is a subsidiary of defendant Credit Suisse.  Credit Suisse Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Madison Avenue, New York, New York.  Credit Suisse Securities is registered to do business in the State of Texas and has one or more locations within Texas.  Credit Suisse Securities makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Credit Suisse Securities is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

16.     Upon information and belief, Defendants Credit Suisse and Credit Suisse Securities financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Advanced Execution Services (AES), AES PathFinder, AES Crossfinder, AES VWAP, AES TWAP, AES Guerilla, AES

7

Sniper, TradeSmart, PrimeTrade, and Storyboard.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, International Securities Exchange, and New York Stock Exchange.

17.     Upon information and belief, Defendant The Goldman Sachs Group, Inc. (hereinafter, "Goldman Sachs") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 85 Broad Street, New York, New York. Goldman Sachs is registered to do business in the State of Texas and has one or more locations within Texas.  Goldman Sachs makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Goldman Sachs is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

18.     Upon information and belief, Defendant Goldman, Sachs & Co. is a subsidiary of defendant Goldman Sachs.  Goldman, Sachs & Co. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 85 Broad Street, New York, New York.  Goldman, Sachs & Co. is registered to do business in the State of Texas and has one or more locations within Texas.  Goldman, Sachs & Co. makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas. Goldman, Sachs & Co. is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

19.     Upon information and belief, Defendant Goldman Sachs Execution & Clearing, L.P. (hereinafter, "Goldman Sachs Execution") is a subsidiary of defendant Goldman Sachs.

Goldman Sachs Execution is a corporation organized and existing under the laws of the State of New York with a principal place of business at 30 Hudson St., Jersey City, New Jersey. Goldman Sachs Execution is registered to do business in the State of Texas. Goldman Sachs Execution makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas. Goldman Sachs Execution is qualified to do business in the State of Texas and may be served via its registered agent Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas.

20.    Upon information and belief, Defendants Goldman Sachs, Goldman, Sachs & Co., and Goldman Sachs Execution financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Goldman Sachs Electronic Trading platform (GSET), GSETConnect platform, REDIPlus trading platform, Goldman Sachs Signature Program, Goldman Sachs Algorithmic Trading (GSAT), GSmartview Alerts, GSAT VWAP, GSAT Participate, GSAT 4CAST, GSAT Piccolo, GSAT Dynamic Scaling, GSAT TWAP, GSAT Intellishort, GSAT Navigator, GSAT Relative Scaling, GSAT Sonar, GSAT Port X, SIGMA smart router, SIGMA X crossing network, and SecDB. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

21.    Upon information and belief, Defendant HSBC Bank USA, N.A. (hereinafter, "HSBC") is a corporation organized and existing under the laws of the State of Maryland with a principal place of business at One HSBC Center, Buffalo, New York. HSBC is registered to do

business in the State of Texas and has one or more locations within Texas.  HSBC makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  HSBC is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

22.     Upon information and belief, Defendant HSBC Securities (USA) Inc. (hereinafter, "HSBC Securities") is a subsidiary of defendant HSBC Bank.  HSBC Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 452 5th Avenue, New York, New York.  HSBC Securities is registered to do business in the State of Texas.  HSBC Securities makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  HSBC Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

23.     Upon information and belief, Defendants HSBC and HSBC Securities financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Finance Instrument Enterprise Resources and Consolidation and Execution (FIERCE), Futures Direct, and Block Program & Direct Market Access trading desk.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, New York Stock Exchange, and International Securities Exchange.

24.     Upon information and belief, Defendant J.P. Morgan Chase & Co. (hereinafter, "J.P. Morgan Chase") is a corporation organized and existing under the laws of the State of

Delaware with a principal place of business at 270 Park Avenue, New York, New York.  J.P. Morgan Chase is registered to do business in the State of Texas and has one or more locations within Texas.  J.P. Morgan Chase makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  J.P. Morgan Chase is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

25.     Upon information and belief, Defendant J. P. Morgan Securities, Inc. (hereinafter, "J. P. Morgan Securities") is a subsidiary of defendant J.P. Morgan Chase.  J. P. Morgan Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 270 Park Avenue, New York, New York.  J. P. Morgan Securities is registered to do business in the State of Texas.  J. P. Morgan Securities makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  J. P. Morgan Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

26.     Upon information and belief, Defendant J. P. Morgan Clearing Corp. (hereinafter, "J. P. Morgan Clearing") is a subsidiary of defendant JPMorgan Chase.  J. P. Morgan Clearing is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 MetroTech Center North, Brooklyn, New York.  J. P. Morgan Clearing makes, sells, offers for sale, and/or uses financial data compression products and services, for

compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

27.     Upon information and belief, J.P. Morgan Chase, J. P. Morgan Securities, and J. P. Morgan Clearing financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Electronic Trading Solutions, Neovest, ECS Aqua, ECS Arid, ECS Close, ECS IS, ECS Iceberg, ECS Peg, ECS TWAP, ECS VWAP, JPMorgan Lighthouse, JPM-X.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

28.     Upon information and belief, Defendant SWS Group, Inc. (hereinafter, "SWS Group") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1201 Elm Street, Suite 3500, Dallas, Texas.  SWS Group is registered to do business in the State of Texas and has one or more locations within Texas.  SWS Group makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  SWS Group is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

29.     Upon information and belief, Defendant Southwest Securities, Inc. (hereinafter, "Southwest Securities") is a subsidiary of defendant SWS Group.  Southwest Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place

of business at 1201 Elm Street, Suite 3500, Dallas, Texas.  Southwest Securities is registered to do business in the State of Texas and has one or more locations within Texas.  Southwest Securities makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Southwest Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

30.     Upon information and belief, SWS Group and Southwest Securities financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to CSS, TraderView, and MyView.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, New York Stock Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

31.     Morgan Stanley, Morgan Stanley & Co., Bank of America Corporation, Banc of America Securities, Merrill Lynch, Merrill Lynch, Pierce, Fenner & Smith, Bank of New York Mellon, BNY ConvergEx Group, BNY ConvergEx Execution, Credit Suisse, Credit Suisse Securities, Goldman Sachs, Goldman, Sachs & Co., Goldman Sachs Execution, HSBC, HSBC Securities, J.P. Morgan Chase, J. P. Morgan Securities, J. P. Morgan Clearing, SWS Group, and Southwest Securities are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

32.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

33.     This Court has personal jurisdiction over each of the Defendants.  The Defendants have conducted and do conduct business within the State of Texas.  The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

34.     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

35.     U.S. Patent No. 7,777,651 ("the '651 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption" was duly and legally issued to Plaintiff Realtime Data on August 17, 2010.

36.     Plaintiff Realtime Data is the owner of the '651 patent with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by the patent, as well as the right to enforce the '651 patent with respect to the Defendants.

37.     On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more data compression products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 7,777,651

14

38.    Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-37, above.

39.    Defendants have been and are now directly infringing the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '651 Patent. Defendants have been and are now indirectly infringing the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

40.    Defendants Morgan Stanley and Morgan Stanley & Co. have been and are now directly infringing claims 1-123 of the '651Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Morgan Stanley Electronic Trading (MSET), Morgan Stanley Passport Trading Application, Passport Application Programmable Interface (API), MS Benchmark Execution Strategies (BXS), BXS Navigator, VWAP, TWAP, Arrival Price, Price React, Target Percentage of Volume, Volume Dispense, Close, MS Watch, Smart Order Router Technology (SORT), Options Smart Order Router Technology (OSORT), NightVision, NightOwl, and MS Pool.

41.    Defendants Morgan Stanley and Morgan Stanley & Co. have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants Morgan Stanley and Morgan Stanley & Co.'s electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by

15

actively inducing financial exchanges to compress financial data, including but not limited to the American Stock Exchange, New York Stock Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

42.     Defendants Bank of America, Banc of America, Merrill Lynch, and Merrill Lynch, Pierce, Fenner & Smith, have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Bank of America Merrill Lynch Electronic Trading Services platform, Electronic Algorithmic Strategy Execution platform, InstaQuote, Ambush (AMB), Instinct (INS), Volume Weighted Average Price (VWAP), Target Volume (TVOL), Market Call (MC), Time Weighted Average Price (TWAP), Arrival Price (AP), Departure Price (DP), Scaling (SCAL), ML X-TRADE, ML XACT, ML X-ACT OPL (Optimal), ML X-ACT QMOC, ML X-ACT VWAP, ML X-ACT CLOCK, ML X-ACT POV (Percentage of Volume), ML X-ACT TWIN, ML BlockSeeker, ML Scan + Route, ML I would if I could, and MLXN.

43.     Defendants Bank of America, Banc of America, Merrill Lynch, and Merrill Lynch, Pierce, Fenner & Smith have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants Bank of America, Banc of America, Merrill Lynch, and Merrill Lynch, Pierce, Fenner & Smith's electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial exchanges to compress financial data, including but not

limited to the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

44.     Defendants Bank of New York Mellon, BNY ConvergEx Group, and BNY ConvergEx Execution have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include BNY Mellon Execution Services, Eze Order Management System, ConvergEx Algorithmic Suite, ConvergEx VWAP, ConvergEx TWAP, ConvergEx Initiation Price, ConvergEx IQx Direct, ConvergEx Percentage of Volume, ConvergEx Closing Price, ConvergEx Scaling, ConvergEx Dark Probe, ConvergEx Peg, ConvergEx Portfolio Optimizer, ConvergEx Cross, VortEx, Millenium, TactEx, Sonic, DerivatEx, and Perform-Ex.

45.     Defendants Bank of New York Mellon, BNY ConvergEx Group, and BNY ConvergEx Execution have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants Bank of New York Mellon, BNY ConvergEx Group, and BNY ConvergEx Execution's electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

Dallas 307114v2

46.     Defendants Credit Suisse and Credit Suisse Securities have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.   Example infringing electronic trading and market data receipt and delivery systems include Advanced Execution Services (AES), AES PathFinder, AES Crossfinder, AES VWAP, AES TWAP, AES Guerilla, AES Sniper, TradeSmart, PrimeTrade, and Storyboard.

47.     Defendants Credit Suisse and Credit Suisse Securities have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.   Each of defendants Credit Suisse and Credit Suisse Securities electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to the American Stock Exchange, International Securities Exchange, and New York Stock Exchange.

48.     Defendants Goldman Sachs, Goldman, Sachs & Co., and Goldman Sachs Execution, have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Goldman Sachs Electronic Trading platform (GSET), GSETConnect platform, REDIPlus trading platform, Goldman Sachs Signature Program, Goldman Sachs Algorithmic Trading (GSAT), GSmartview Alerts, GSAT VWAP, GSAT Participate, GSAT

4CAST, GSAT Piccolo, GSAT Dynamic Scaling, GSAT TWAP, GSAT Intellishort, GSAT Navigator, GSAT Relative Scaling, GSAT Sonar, GSAT Port X, SIGMA smart router, SIGMA X crossing network, and SecDB.

49.      Defendants Goldman Sachs, Goldman, Sachs & Co., and Goldman Sachs Execution have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants Goldman Sachs, Goldman, Sachs & Co., and Goldman Sachs Execution's electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

50.      Defendants HSBC and HSBC Securities, have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Finance Instrument Enterprise Resources and Consolidation and Execution (FIERCE), Futures Direct, and Block Program & Direct Market Access trading desk.

51.      Defendants HSBC and HSBC Securities have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants HSBC and HSBC Securities' electronic trading and market data

Dallas 307114v2

receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, the American Stock Exchange, Chicago Mercantile Exchange, New York Stock Exchange, and International Securities Exchange.

52.     Defendants J.P. Morgan Chase, J. P. Morgan Securities, and J. P. Morgan Clearing, have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Electronic Trading Solutions, Neovest, ECS Aqua, ECS Arid, ECS Close, ECS IS, ECS Iceberg, ECS Peg, ECS TWAP, ECS VWAP, JPMorgan Lighthouse, JPM-X.

53.     Defendants J.P. Morgan Chase, J. P. Morgan Securities, and J. P. Morgan Clearing have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants J.P. Morgan Chase, J. P. Morgan Securities, and J. P. Morgan Clearing's electronic trading and market data receipt and delivery systems indirectly infringe the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to the American Stock Exchange, New York Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

54.     Defendants SWS Group and Southwest Securities, have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include CSS, TraderView, and MyView.

55.     Defendants SWS Group and Southwest Securities have been and are now indirectly infringing claims 13-72 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants SWS Group and Southwest Securities' electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to the American Stock Exchange, New York Stock Exchange, International Securities Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

56.     Realtime Data has at all times complied with 35 U.S.C. § 287.

57.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '651 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

21

58.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

59.     WHEREFORE, Realtime Data requests a judgment:

A.     That Realtime Data is the owner of all right, title and interest in and to United States Patent No. 7,777,651, together with all rights of recovery under such patents for past and future infringements thereof;

B.     That Defendants have infringed United States Patent No. 7,777,651;

C.     That United States Patent No. 7, 777,651 is valid and enforceable in law;

D.     Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patent No. 7,777,651, including an assessment of pre-judgment and post-judgment interest and costs;

E.     Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patent No. 7, 777,651, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression- and decompression-based data acceleration products;

F.     That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

22

       G.      In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

       H.      Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

60.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

23

Date: August 17, 2010

Respectfully submitted,

**MCKOOL SMITH, P.C.**

    /s/ Sam Baxter

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
Benjamin J. Warlick
bwarlick@mckoolsmith.com
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Laurie L. Fitzgerald
Texas State Bar No. 2403239
lfitzgerald@mckoolsmith.com
John M. Shumaker
jshumaker@mckoolsmith.com
Texas State Bar No. 24033069
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8736
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
REALTIME DATA LLC D/B/A/ IXO**